THE STATE, THE WARREN RAILROAD COMPANY, PROSE-
CUTORS, v. WILLIAM A. PERSON, COLLECTOR OF THE
TOWN OF BELVIDERE, DEFENDANT.

1. A charter granted by the legislature, since the passage of the act of
   1846, concerning corporations, is subject to alteration or repeal, al-
   though it contains no words in express terms so declaring.
2. A tax, under the act of 1862, held rightly assessed on the Warren
   Railroad Company, in the town of Belvidere, where the office of its
   secretary was.

In the matter of taxation.

The proceedings in this case were brought up by *certiorari*
to the collector of the town of Belvidere, to set aside an as-
sessment made against the Warren Railroad Company.

It was contended, on the part of the company :

1. That in their charter there were no words expressly
authorizing its repeal or alteration, and was not subject to the
provisions of the act of 1846.

2. That the tax was not properly assessed in the town of
Belvidere.

The case was argued in the branch court, before Justices
ELMER, HAINES and BEDLE, by *J. G. Shipman*, for the
plaintiffs, and *D. A. Depue*, for the defendant.

The opinion of the court was delivered by

ELMER, J.   The tax complained of in this case, was assessed
under the tax law of 1862.   The act incorporating the prose-
cutors was enacted in 1851, and contains no express provi-
sions subjecting it to repeal or alteration, and differs in that
respect from the charters of the Morris and Essex Railroad
Company, and of the Jersey City and Bergen Railroad Com-
pany.   It was held by this court, in the case of *The State* v.
*Miller*, 1 *Vroom* 369, and of *The State* v. *Haight*, 1 *Vroom* 447,

that a similar tax upon those companies was legally assessed, and both these cases were affirmed by the Court of Errors. These decisions preclude all further debate on that question.

It remains, therefore, to inquire whether an act of incorporation, commonly called a charter, enacted in 1851, which contains no words expressly authorizing its repeal or alteration, and no words in express terms repealing or in conflict with the sixth section of the act passed in 1846, entitled "an act concerning corporations," is an irrepealable charter, or whether it must be construed as if it had in express terms, in the words of that section, (*Nix. Dig.* 152,)* been made "subject to alteration, suspension, and repeal, in the discretion of the legislature."

The long established and well understood rule of construction applied to statutes in England and America, is, that if divers statutes relate to the same thing, they ought all to be taken into consideration in construing any one of them. An old statute gives place to a new one, where the latter statute is couched in negative terms, or where the matter of it is so clearly repugnant as necessarily to imply a negative, but not otherwise. The question whether a new statute supersedes or affects the old one, is always a question of legislative intention. In accordance with, and depending on these rules, there are several statutes in this state, which are intended to regulate the meaning and determine the force of subsequent statutes. Thus, by the act of 1846, (*Nix. Dig.* 819,)† certain words, when used in statutes, are declared to have a specified meaning. Another act of 1846, (*Nix. Dig.* 822,)‡ enacts, that all public acts thereafter passed, shall not go into operation, or be in force, until the fourth day of July next after the passage of such act, unless otherwise specially provided for in such act. That these acts are to be regarded, in the construction of subsequent acts, has never been questioned. There is nothing in the act incorporating the Warren railroad, in the slightest degree inconsistent with the provisions of the sixth section of the act concerning corporations. In my

* *Rev.,* p. 178, § 6.   † *Rev.,* p. 1121, §§ 10, 11, 12.   ‡ *Rev.,* p. 1122, § 13.

opinion, both acts are in full force, and the charter of the prosecutors must be construed precisely as if it had incorporated into it the words of that section. No decision or principles have been produced which will justify us in holding a plain enactment of the legislature, consistent with the constitution of the state and of the Union, to be without force and inoperative.

We have been referred to the act, *Laws of* 1857, *p.* 76, which makes it lawful for the Delaware, Lackawanna, and Western Railroad Company, a Pennsylvania railroad, to take a lease of the Warren railroad, for such term, and upon such conditions as said companies should agree upon, with a proviso, that nothing in said act should relieve either of the companies from any responsibility or legal liability, to which either of them might be subject, if the said act had not been passed. It appears that a lease has been made, for and during the full term and continuance of the legal existence of the said Warren Railroad Company, one of the stipulations of which is, that the said lessees shall pay and discharge all taxes, assessments, and impositions, which shall or may be legally taxed, assessed, or imposed upon the premises and property leased, or any part thereof. I am not able to perceive that this transaction in any way affects the legal and constitutional position of the prosecutors. If their charter was accepted, subject to a reserved right of alteration, as upon the principles before stated must be held, it so remains, notwithstanding the lease. They still claim to be, and exercise the privileges of, a corporation of New Jersey, and are subject to its laws.

Another question presented in this case is, whether the prosecutors were rightly assessed in the town of Belvidere. By the seventh section of the act of 1854, in force when this tax was assessed, the personal estate of incorporated companies is required to be assessed in the township or ward where their principal office shall be. It appears that until 1858 their principal office was, beyond dispute, in Clark's buildings, in the town of Belvidere, and that in that year

the company's safe was removed to the office of the secretary, in the same town, and in that office they have annually since that time, elected their officers. They are required, like all other corporations, to have an office and keep their books in the state, by the act of 1849, *Nix. Dig.* 152,* and it is not shown that they have any other office than that of their secretary.

Under these circumstances, I think this is their principal office, and that the tax is rightly assessed.

AFFIRMED, *post* 506. CITED in *State, Morris and Essex R. R. Co., pros.,* v. *Com'r of Railroad Taxation,* 8 *Vroom* 228.